# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ERIC BARTOLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-01304 (UNA) |
| | ) | |
| ERIC HOLDER, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, a federal inmate currently designated to Loretto Federal Correctional Institution, initiated this matter on May 4, 2022, by filing a *pro se* 119-page "motion challenging the constitutionality of a statute," ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  Upon review, on May 27, 2022, the court ordered plaintiff to, within 30 days, file a complaint in accordance with the applicable Local and Federal Rules of Civil Procedure, among other parameters.  *See* Order, ECF No. 5.  On June 24, 2022, plaintiff filed a motion for extension of time, ECF No. 7, to file a complaint, seeking a 45-day filing extension, due to— among other reasons—library restrictions at his current facility, lockdowns, and delays in the delivery of the court's order by the U.S. Postal Service.  On July 20, 2022, the court granted the request for extension, and ordered plaintiff to file an amended complaint within 45 days.  *See* Order, ECF No. 8.

Plaintiff has since, on August 15, 2022, filed an amended complaint, ECF No. 9.  For the reasons explained below, the IFP application will be granted, and the amended complaint will be dismissed without prejudice for want of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

As background, plaintiff was indicted on criminal charges in October 2003 in the United States District Court for the Northern District of Ohio. *See United States v. Bertoli*, No. 5:03-cr00387-JRA-1 (N.D. Ohio filed Oct. 9, 2003), at ECF No. 2 (Indictment, Oct. 15, 2003).  He was apparently a fugitive for several years and was living in Peru. *See id.* at Dkt. Note ("Arrest of Eric V. Bartoli," Oct. 29, 2015).  He was located, arrested, and extradited to the United States in October 2015.  *See id.*  On July 13, 2016, plaintiff entered a guilty plea, *see id.* at ECF No. 34 (Plea Agreement), and he was sentenced on November 9, 2016, *see id.*, at ECF No. 42 (Minutes of Sentencing Proceedings).

Plaintiff now sues a former United States Attorney General, several former and current United States Attorneys and Assistant United States Attorneys, and an official at the United States Department of State, the Ambassador of Peru to the United States, and the presiding Judge assigned to his criminal case, all of whom were allegedly involved in plaintiff's extradition and/or criminal proceedings in the Northern District of Ohio.  He specifically challenges his sentencing, alleging that it was miscalculated by the presiding Judge, with the approval of the federal prosecutors, and entered in violation of the Ex Post Facto Clause, and the Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments.  He demands that his alleged illegal sentence be vacated and that he be immediately released from federal custody.

To challenge the legality of his conviction and/or sentence, however, plaintiff must petition the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.  And any § 2255 claims must be addressed to the sentencing court.  *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997).  Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that

> the sentence was imposed in violation of the Constitution or laws of
> the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

28 U.S.C. § 2255(a).  Consequently, plaintiff must file this action in the Northern District of

Ohio.

Therefore, plaintiff has no recourse in this court, and the amended complaint will be

dismissed without prejudice.   A separate order accompanies this memorandum opinion.


DATE: October 27, 2022                              _____ s/s_____

                                                    COLLEEN KOLLAR-KOTELLY
                                                    United States District Judge